# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**MICHAEL GUIDRY**                                             **CIVIL ACTION**

**VERSUS**                                                      **NO. 15-7154**

**DISTRICT ATTORNEY,**                                         **SECTION: "I"(3)**
**TERREBONNE PARISH**

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

Petitioner, Michael Guidry, is a state prisoner incarcerated at the Winn Correctional Center in Winnfield, Louisiana. On March 15, 2012, he was convicted of attempted sexual battery and molestation of a juvenile.[1] On April 20, 2012, he was sentenced on the attempted sexual battery conviction to a term of twenty years imprisonment and on the molestation of a juvenile conviction to a term of thirty-five years imprisonment. It was ordered that those sentences be served

---

[1] State Rec., Vol. 2 of 3, transcript of March 15, 2012, pp. 49-50; State Rec., Vol. 1 of 3, minute entry dated March 15, 2012; State Rec., Vol. 1 of 3, jury verdict forms.

consecutively and without benefit of probation, parole, or suspension of sentence.[2]  On June 7, 2013, the Louisiana First Circuit Court of Appeal affirmed his convictions and sentences.[3]  He did not seek further direct review.

On or about October 3, 2013, petitioner filed an application for post-conviction relief with the state district court.[4]  That application was denied on October 17, 2013, and June 25, 2014.[5]  His related writ applications were then likewise denied by the Louisiana First Circuit Court of Appeal on November 3, 2014,[6] and by the Louisiana Supreme Court on October 23, 2015.[7]

On or about December 7, 2015, petitioner filed the instant federal application for habeas corpus relief.[8]  The state concedes that the application is timely and that petitioner has exhausted his remedies in the state courts.[9]

### Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") comprehensively overhauled federal habeas corpus legislation, including 28 U.S.C. § 2254.  Amended subsections 2254(d)(1) and (2) contain revised standards of review for pure questions of fact, pure questions of law, and mixed questions of both.  The amendments "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that

---

[2] State Rec., Vol. 1 of 3, transcript of April 20, 2012; State Rec., Vol. 1 of 3, minute entry dated April 20, 2012.
[3] State v. Guidry, No. 2012 KA 2004, 2013 WL 2484782 (La. App. 1st Cir. June 7, 2013); State Rec., Vol. 1 of 3.
[4] State Rec., Vol. 1 of 3.
[5] State Rec., Vol. 1 of 3, Order dated October 17, 2013; State Rec., Vol. 1 of 3, transcript of June 25, 2014; State Rec., Vol. 1 of 3, minute entry dated June 25, 2014.
[6] State v. Guidry, No. 2014 KW 1385 (La. App. 1st Cir. Nov. 3, 2014); State Rec., Vol. 1 of 3.
[7] State ex rel. Guidry v. State, 177 So.3d 1056 (La. 2015); State Rec., Vol. 1 of 3.
[8] Rec. Doc. 6.
[9] Rec. Doc. 11.

state-court convictions are given effect to the extent possible under law."  Bell v. Cone, 535 U.S. 685, 693 (2002).

As to pure questions of fact, factual findings are presumed to be correct and a federal court will give deference to the state court's decision unless it "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2); see also 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.").

As to pure questions of law and mixed questions of law and fact, a federal court must defer to the state court's decision on the merits of such a claim unless that decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).  Courts have held that the "'contrary to' and 'unreasonable application' clauses [of § 2254(d)(1)] have independent meaning."  Bell, 535 U.S. at 694.

Regarding the "contrary to" clause, the United States Fifth Circuit Court of Appeals has explained:

> A state court decision is contrary to clearly established precedent if the state court applies a rule that contradicts the governing law set forth in the [United States] Supreme Court's cases.  A state-court decision will also be contrary to clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of the [United States] Supreme Court and nevertheless arrives at a result different from [United States] Supreme Court precedent.

Wooten v. Thaler, 598 F.3d 215, 218 (5th Cir. 2010) (internal quotation marks, ellipses, brackets, and footnotes omitted).

Regarding the "unreasonable application" clause, the United States Supreme Court has held: "[A] state-court decision is an unreasonable application of our clearly established precedent if it correctly identifies the governing legal rule but applies that rule unreasonably to the facts of a particular prisoner's case." White v. Woodall, 134 S. Ct. 1697, 1706 (2014). However, the Supreme Court cautioned:

> Section 2254(d)(1) provides a remedy for instances in which a state court unreasonably applies this Court's precedent; it does not require state courts to extend that precedent or license federal courts to treat the failure to do so as error. Thus, if a habeas court must extend a rationale before it can apply to the facts at hand, then by definition the rationale was not clearly established at the time of the state-court decision. AEDPA's carefully constructed framework would be undermined if habeas courts introduced rules not clearly established under the guise of extensions to existing law.

Id. (citations and quotation marks omitted). Therefore, when the Supreme Court's "cases give no clear answer to the question presented, let alone one in [the petitioner's] favor, it cannot be said that the state court unreasonably applied clearly established Federal law." Wright v. Van Patten, 552 U.S. 120, 126 (2008) (quotation marks and brackets omitted). The Supreme Court has also expressly cautioned that "an unreasonable application is different from an incorrect one." Bell, 535 U.S. at 694. Accordingly, a state court's merely incorrect application of Supreme Court precedent simply does not warrant habeas relief. Puckett v. Epps, 641 F.3d 657, 663 (5th Cir. 2011) ("Importantly, 'unreasonable' is not the same as 'erroneous' or 'incorrect'; an incorrect application of the law by a state court will nonetheless be affirmed if it is not simultaneously unreasonable.").

While the AEDPA standards of review are strict and narrow, they are purposely so.  As the United States Supreme Court has held:

> [E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable.
>
> If this standard is difficult to meet, that is because it was meant to be.  As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings.  It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents.  It goes no farther.  Section 2254(d) reflects the view that habeas corpus is a guard against *extreme malfunctions* in the state criminal justice systems, *not a substitute for ordinary error correction through appeal.  As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.*

Harrington v. Richter, 562 U.S. 86, 102-03 (2011) (citations omitted; emphasis added); see also Renico v. Lett, 559 U.S. 766, 779 (2010) ("AEDPA prevents defendants – and federal courts – from using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts.").

The Supreme Court has expressly warned that although "some federal judges find [28 U.S.C. § 2254(d)] too confining," it is nevertheless clear that "all federal judges must obey" the law and apply the strictly deferential standards of review mandated therein.  White v. Woodall, 134 S. Ct. 1697, 1701 (2014).

## **Facts**

On direct appeal, the Louisiana First Circuit Court of Appeal summarized the facts of this case as follows:

> On the evening of July 9, 2010, the defendant made arrangements to have dinner at a restaurant in Houma with his six-year old granddaughter, K.G. (the victim).  He agreed to allow K.G. to bring her four-year-old cousin, T.L. (the other

victim), with them to dinner.  After dinner, the defendant made a couple of stops and purchased beer and non-alcoholic beverages for the girls before bringing them to his home.  Both girls were interviewed at the Children's Advocacy Center regarding the following occurrences that evening.

According to K.G., while they were at the defendant's house in his bedroom, the defendant repeatedly exposed his "private" and "made it stick out" from his "undies."  She further stated, "I kept ... turning my head and then he kept on touching us he pulled down my cousin's undies ... Touched her butt."  K.G. indicated that she thought the defendant also touched her cousin's "private" though she only saw him touch her butt.  She attempted to pull her cousin's underwear back up but the defendant kept pulling them down.  K.G. also stated, "He kept on slapping me on my butt and then he took off all my clothes."  She clarified that the defendant touched her only before removing her clothing.  T.L. similarly stated, "He touched on us [sic] private."  She further stated that the defendant pulled down her "drawers" and touched her "tootie" and her butt, and removed K.G.'s clothing and "whipped" her butt.  She stated that the defendant exposed his "private" and was touching it with his left hand and "playing with it," K.G.'s mother came to pick the girls up at about 8:00 or 9:00 o'clock that night.  Sometime after she got home, K.G. told her parents what happened.[10]

### **Petitioner's Claims**

### **Excessive Sentences**

Petitioner's first claim is that his sentences are excessive.  The state argues that this claim is procedurally barred.  With respect to that defense, the United States Fifth Circuit Court of Appeals has explained:

A claim that a state has withheld a federal right from a person in its custody may not be reviewed by a federal court if the last state court to consider that claim expressly relied on a state ground for denial of relief that is both independent of the merits of the federal claim and an adequate basis for the court's decision.  To satisfy the "independent" and "adequate" requirements, the dismissal must "clearly and expressly" indicate that it rests on state grounds which bar relief, and the bar must be strictly or regularly followed by state courts, and applied to the majority of similar claims.  This rule applies to state court judgments on both substantive and procedural grounds.

---

[10] State v. Guidry, No. 2012 KA 2004, 2013 WL 2484782, at *1 (La. App. 1st Cir. June 7, 2013); State Rec., Vol. 1 of 3.

Finley v. Johnson, 243 F.3d 215, 218 (5th Cir. 2001) (citations omitted).

Here, there is no question that petitioner's excessive sentence claim, which was raised in the state post-conviction proceedings, was denied by the state courts on procedural grounds.  In the last reasoned state court opinion addressing the claim, the Louisiana Supreme Court denied relief, holding:  "Relator's sentencing claim is not cognizable on collateral review.  See La.C.Cr.P. art. 930.3; State ex rel. Melinie v. State, 93-1380 (La. 1/12/96), 665 So.2d 1172."[11]  Both of those citations concern procedural matters.  Specifically, article 930.3 limits the grounds on which a prisoner may seek post-conviction relief, while the Melinie decision held that article 930.3 does not allow post-conviction challenges to sentencing errors.

Federal courts have repeatedly held that article 930.3 and the Melinie decision are "independent" and "adequate" state rules to support a procedural bar in federal court.  See, e.g., Hull v. Stalder, No. 99-31199, 2000 WL 1598016 (5th Cir. Sept. 28, 2000); Davis v. Prince, Civ. Action No. 11-0172, 2011 WL 5878155, at *7 (E.D. La. Sept. 28, 2011), adopted, 2011 WL 5878152 (E.D. La. Nov. 23, 2011); Cotton v. Cooper, Civ. Action No. 11-0231, 2011 WL 5025311, at *7 (E.D. La. Sept. 14, 2011), adopted, 2011 WL 5025295 (E.D. La. Oct. 21, 2011); Taylor v. Cain, Civ. Action No. 07-3929, 2008 WL 4186883, at *16 (E.D. La. Sept. 10, 2008); Williams v. Cain, Civ. Action No. 05-0710, 2008 WL 3363562, at *8 (E.D. La. Aug. 8, 2008); Madina v. Cain, Civ. Action No. 05-2126, 2006 WL 2726506, at *3 (E.D. La. Sept. 20, 2006); Johnson v. Andrews, Civ. Action No. 05-0413, 2006 WL 2294864, at *4 (E.D. La. Aug.4, 2006); Williams v. Miller, Civ. Action No. 05-0086, 2006 WL 2087867, at *9 (E.D. La. July 24, 2006);

---

[11] State ex rel. Guidry v. State, 177 So.3d 1056 (La. 2015); State Rec., Vol. 1 of 3.

Dedmond v. Cain, Civ. Action No. 03-3375, 2005 WL 1578086, at *8 (E.D. La. June 30, 2005); Leonard v. Hubert, Civ. Action No. 00-0511, 2001 WL 333123, at *7 (E.D. La. Apr. 4, 2001).

Where, as here, the procedural rules invoked by the state courts are "independent" and "adequate," "federal habeas review is barred unless the petitioner demonstrates either cause and prejudice or that a failure to address the claim will result in a fundamental miscarriage of justice." Hughes v. Johnson, 191 F.3d 607, 614 (5th Cir. 1999). In the instant case, petitioner demonstrates neither.

"To establish cause for a procedural default, there must be something external to the petitioner, something that cannot fairly be attributed to him." Johnson v. Puckett, 176 F.3d 809, 816 (5th Cir. 1999) (quotation marks omitted). Here, petitioner makes no attempt to establish cause for the procedural default. "Absent a showing of cause, it is not necessary for the court to consider whether there is actual prejudice." Martin v. Maxey, 98 F.3d 844, 849 (5th Cir. 1996).

When petitioner fails to meet the "cause and prejudice" test, a federal court is to consider his claim only if the application of the procedural bar would result in a "fundamental miscarriage of justice." That exception is a limited one which exists only if a petitioner makes a colorable showing that he is "actually innocent." See Bagwell v. Dretke, 372 F.3d 748, 757 (5th Cir. 2004); Lucas v. Johnson, 132 F.3d 1069, 1077 (5th Cir. 1998). However, it is unclear whether the exception applies to cases, such as this one, in which the defaulted claim relates merely to an alleged sentencing error in a noncapital proceeding.

In Haley v. Cockrell, 306 F.3d 257 (5th Cir. 2002), the United States Fifth Circuit Court of Appeals, after noting that a split exists among the circuits on that issue, held that the "actual innocence" exception is available to petitioners in noncapital proceedings who claim they were

8

erroneously sentenced.  Id. at 265-66.  The Haley court further held that, when barred claims dealt with such alleged sentencing errors, the "actual innocence" requirement is met only when the petitioner shows that "he would have not been legally eligible for the sentence he received."  Id. at 264.  However, the Supreme Court subsequently vacated the Haley decision on other grounds and remanded the case to the Fifth Circuit.  Dretke v. Haley, 541 U.S. 386 (2004).  In so doing, the Supreme Court expressly declined to answer the question of whether the "actual innocence" exception applies to noncapital sentencing errors.  Id. at 393-94.

This Court does not attempt to answer the question left open by the Supreme Court. Nevertheless, even if the "actual innocence" exception is applicable to defaulted claims regarding noncapital sentencing errors, petitioner has not established that he was legally ineligible for the sentences he received.  On the contrary, the punishments imposed in this case clearly fell within the statutory ranges established by Louisiana law for the crimes of which he stands convicted.

Accordingly, for all of the foregoing reasons, the undersigned finds petitioner's claim that his sentences are excessive is procedurally barred from federal review.

**Ineffective Assistance of Counsel**

Petitioner's second and final claim is that his counsel was ineffective for failing to advise him to accept a plea bargain in which he was offered a fifteen-year sentence in exchange for pleading guilty.  On June 25, 2014, the state district court held an evidentiary hearing on this claim. At that hearing, petitioner's trial counsel, Amanda Mustin, was called to testify; however, she was unable to do so, because petitioner refused to waive the attorney-client privilege, explaining that he would not do so "if she's going to mess me up."[12]  On the other hand, petitioner did testify at

---

[12] State Rec., Vol. 1 of 3, transcript of June 25, 2014, pp. 2-3.

the hearing and was questioned about a declaration attached to his post-conviction application.  In

that declaration, which was executed on March 2, 2012, and witnessed by Robert Brown, petitioner

stated:

> I, Michael David Guidry, declare that I have spoken to my attorney, Amanda Mustin, about my case on several occasions.  She has advised me of my 20 year suspension upon serving 15 with 5 year supervised probation.  I am fully aware that should I not take my pretrial offer that the District Attorney's office will prosecute me to the fullest and that I will be facing 25-99 years.
> With full knowledge of all of the above and after much thought, and consideration, it my decision to REJECT the pretrial offer.[13]

At the hearing, petitioner acknowledged that he did in fact reject the offer and that he was not

forced to sign the declaration.[14]

At the conclusion of the evidentiary hearing, the state district judge denied petitioner's

ineffective assistance of counsel claim.  The Louisiana First Circuit Court of Appeal then likewise

denied relief without assigning reasons,[15] while the Louisiana Supreme Court also did so, simply

stating:   "Relator fails to show he was denied effective assistance of counsel during plea

negotiations under the standard of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80

L.Ed.2d 674 (1984)."[16]

Because petitioner's ineffective assistance of counsel claim was rejected by the state courts

on the merits, and because such claims present mixed questions of law and fact, this Court must

defer to the state court decision rejecting the claim unless that decision was "contrary to, or

involved an unreasonable application of, clearly established Federal law, as determined by the

Supreme Court of the United States."  28 U.S.C. § 2254(d)(1); Moore v. Cockrell, 313 F.3d 880,

---

[13] State Rec., Vol. 1 of 3.
[14] State Rec., Vol. 1 of 3, transcript of June 25, 2014, pp. 6-8.
[15] State v. Guidry, No. 2014 KW 1385 (La. App. 1st Cir. Nov. 3, 2014); State Rec., Vol. 1 of 3.
[16] State ex rel. Guidry v. State, 177 So.3d 1056 (La. 2015); State Rec., Vol. 1 of 3.

881 (5th Cir. 2002).  Moreover, the United States Supreme Court has explained that, under the

AEDPA, federal habeas corpus review of ineffective assistance of counsel claims is in fact doubly

deferential:

> The pivotal question is whether the state court's application of the Strickland standard was unreasonable.  This is different from asking whether defense counsel's performance fell below Strickland's standard.  Were that the inquiry, the analysis would be no different than if, for example, this Court were adjudicating a Strickland claim on direct review of a criminal conviction in a United States district court.  Under AEDPA, though, it is a necessary premise that the two questions are different.  For purposes of § 2254(d)(1), an *unreasonable* application of federal law is different from an *incorrect* application of federal law.  A state court must be granted a deference and latitude that are not in operation when the case involves review under the Strickland standard itself.
>
> A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision.  Yarborough v. Alvarado, 541 U.S. 652, 664, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004).  And as this Court has explained, "[E]valuating whether a rule application was unreasonable requires considering the rule's specificity.  The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations."  Ibid.  "[I]t is not an unreasonable application of clearly established Federal law for a state court to decline to apply a specific legal rule that has not been squarely established by this Court."  Knowles v. Mirzayance, 556 U.S. ____, ____, 129 S.Ct. 1411, 1413-14, 173 L.Ed.2d 251 (2009) (internal quotation marks omitted).

Harrington v. Richter, 562 U.S. 86, 101 (2011) (citation omitted).  The Supreme Court then

explained:

> Surmounting Strickland's high bar is never an easy task.  An ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial, and so the Strickland standard must be applied with scrupulous care, lest intrusive post-trial inquiry threaten the integrity of the very adversary process the right to counsel is meant to serve.  Even under *de novo* review, the standard for judging counsel's representation is a most deferential one.  Unlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge.  It is all too tempting to second-guess counsel's assistance after conviction or adverse sentence.  The question is whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom.

> Establishing that a state court's application of <u>Strickland</u> was unreasonable under § 2254(d) is all the more difficult. *The standards created by <u>Strickland</u> and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so.* The <u>Strickland</u> standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating unreasonableness under <u>Strickland</u> with unreasonableness under § 2254(d). *When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied <u>Strickland</u>'s deferential standard.*

<u>Id</u>. at 105 (citations omitted; emphasis added). For the following reasons, the Court finds that, under those stringently deferential standards, it simply cannot be said that relief is warranted with respect to petitioner's ineffective assistance of counsel claim.

The United States Supreme Court has clearly held the Sixth Amendment's right to counsel is "a right that extends to the plea-bargaining process" which must be analyzed under <u>Stickland</u>'s two-prong analysis. <u>Lafler v. Cooper</u>, 132 S. Ct. 1376, 1384 (2012); <u>see also</u> <u>Missouri v. Frye</u>, 132 S. Ct. 1399 (2012). Under that analysis, a petitioner seeking relief must demonstrate *both* that counsel's performance was deficient *and* that the deficient performance prejudiced his defense. <u>Strickland</u>, 466 U.S. at 697.

The petitioner bears the burden of proof with respect to an ineffective assistance of counsel claim and "must demonstrate, by a preponderance of the evidence, that his counsel was ineffective." <u>Jernigan v. Collins</u>, 980 F.2d 292, 296 (5th Cir. 1993); <u>see also</u> <u>Clark v. Johnson</u>, 227 F.3d 273, 284 (5th Cir. 2000). If a court finds that a petitioner has made an insufficient showing as to either of the two prongs of inquiry, i.e. deficient performance or actual prejudice, it may dispose of the ineffective assistance claim without addressing the other prong. <u>Strickland</u>, 466 U.S. at 697. Nevertheless, in the instant case, it is clear that petitioner failed to meet his burden of proof on *either* prong.

With respect to the deficiency prong of the <u>Strickland</u> test, a petitioner must demonstrate that counsel's conduct failed to meet the constitutional minimum guaranteed by the Sixth Amendment.  <u>See</u> <u>Styron v. Johnson</u>, 262 F.3d 438, 450 (5th Cir. 2001).  "Counsel's performance is deficient if it falls below an objective standard of reasonableness."  <u>Little v. Johnson</u>, 162 F.3d 855, 860 (5th Cir. 1998).  Analysis of counsel's performance must take into account the reasonableness of counsel's actions in light of all the circumstances.  <u>See</u> <u>Strickland</u>, 466 U.S. at 689.  "[I]t is necessary to 'judge ... counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.'"  <u>Lockhart v. Fretwell</u>, 506 U.S. 364, 371 (1993) (quoting <u>Strickland</u>, 466 U.S. at 690).  A petitioner must overcome a strong presumption that the conduct of his counsel fell within a wide range of reasonable representation.  <u>See</u> <u>Crockett v. McCotter</u>, 796 F.2d 787, 791 (5th Cir. 1986); <u>Mattheson v. King</u>, 751 F.2d 1432, 1441 (5th Cir. 1985).

Here, petitioner has offered no evidence whatsoever to overcome the presumption that counsel's performance was constitutionally adequate.  On the contrary, at the state evidentiary hearing, petitioner presented no evidence concerning the nature and substance of his counsel's advice concerning the plea bargain, and he prohibited his counsel from testifying on that issue by invoking the attorney-client privilege.

Nevertheless, even if the Court were to assume for the purposes of this decision that counsel advised petitioner against accepting the plea bargain, such advice would arguably fall within wide range of reasonable representation permitted under the Sixth Amendment for the following reasons.  First, the prosecution's offer was not particularly generous, in that neither charge was to be dropped or reduced, and the sentence to be imposed was substantial: twenty years, with a

requirement that petitioner serve at least fifteen years in prison – a daunting term for a defendant already in his 50s.  Second, the prosecution's success at trial was not a foregone conclusion, in that the evidence was far from overwhelming:  petitioner did not admit the crimes; there was no physical evidence proving that the crimes actually occurred; and the only eyewitnesses were the two victims, both of whom were small children whose testimony at trial could not predicted with certainty.  Accordingly, even if counsel advised against the plea bargain (again, a fact which has *not* been established), it simply cannot be said that such advice was so unreasonable as to rise to the level of deficient performance under the Sixth Amendment.

In any event, petitioner has also failed to prove that prejudice resulted.  Under Lafler, a petitioner is required to prove that he was prejudiced by showing that "the outcome of the plea process would have been different with competent advice."  Lafler, 132 S. Ct. at 1384. Specifically, he must prove "that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.,* that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed."  Id. at 1385.  Petitioner has not made that showing.

Here, even if the Court were to assume for the purposes of this decision that the prosecution would not have withdrawn the offer and that the trial judge would have accepted it, those assumptions would not suffice to establish prejudice.  On the contrary, even then, a vital piece would still be missing:  evidence that petitioner would in fact have accepted the plea bargain. Understandably, petitioner, with the benefit of hindsight, *now* wishes that he was serving only the

14

fifteen years offered in the plea bargain rather than the fifty-five years imposed after his conviction at trial.  However, such regrets *after* conviction are not evidence that, but for his counsel's advice, he would have accepted the plea bargain offered *prior* to trial.  Moreover, petitioner did not testify at the evidentiary hearing that he was *ever* inclined to accept the plea bargain.  Tellingly, he has offered *no* explanation as to why he would have accepted the substantial sentence offered and pleaded guilty to two crimes which, even now, he does not admit committing.

In summary, it is clear that petitioner has not met his burden of proof on *either* prong of the Strickland analysis, much less both as required.  Therefore, he has not demonstrated that the state court decision rejecting his ineffective assistance of counsel claim was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.  Accordingly, utilizing the AEDPA's doubly deferential standards of review applicable to such claims, this Court should likewise deny relief.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that the federal habeas corpus petition filed by Michael Guidry be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will

result from a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[17]

New Orleans, Louisiana, this twenty-first day of March, 2016.

DANIEL E. KNOWLES, III
UNITED STATES MAGISTRATE JUDGE

---

[17] <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.